UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PAUL DALGLIESH,

                Petitioner,              Case No. 1:09-cv-152

v.                                    Honorable Robert Holmes Bell

KENNETH McKEE,

                Respondent.

_____

## OPINION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## **Factual Allegations**

Petitioner, who is represented by counsel in this action, is incarcerated in the Bellamy Creek Correctional Facility.  On November 9, 2006, Petitioner was charged with one count of solicitation to murder, MICH. COMP. LAWS 750.157(b)(2), a felony punishable by life imprisonment. Petitioner was accused of attempting to hire a prison inmate to murder a corrections officer. Petitioner allegedly was acting on behalf of co-defendant Tammy Williams who was married or previously married to the intended victim.  On December 21, 2006, Petitioner pleaded guilty to the charge of solicitation to murder with a sentence recommendation by the prosecutor of four to twenty years.  At the sentencing hearing held on February 20, 2007, the trial court disregarded the sentencing recommendation and imposed a prison sentence of ten to twenty years.  Petitioner was permitted to withdraw his plea because the trial court did not follow the plea agreement.

On March 21, 2007, Petitioner pleaded guilty to the charge of continuing criminal enterprise, MICH. COMP. LAWS § 750.159(i)(4)(a), a felony punishable by a maximum of twenty years' imprisonment.  In the pre-sentence report, the probation officer calculated a range of thirty-six to sixty months under the sentencing guidelines and recommended a sentence of five to twenty years. A sentencing hearing was held on April 17, 2007.  (Sentencing Hearing Transcript (S. Tr.), docket #4-2).  During the hearing, Petitioner's counsel objected to the scoring of Offense Variable (OV) 10 and OV 14.  (S. Tr. 3-6.)  The trial court concluded that the guidelines were correctly scored.  (S. Tr. 7.)  In imposing sentence, the trial court departed upward from the sentencing guidelines and sentenced Petitioner to imprisonment of ten to twenty years.  The trial court provided the following explanation for its decision:

> Some history may be in order.  Initially defendant pled guilty to a Class A life offense under a sentence bargain offered by the People.  This sentence bargain was a sentence of not to exceed four years on the minimum.  After review of the presentence report, this Court sentenced 10 to 20 years, and defendant was allowed

to withdraw his plea, which he did, and the case was returned to District Court. The sentence minimum guideline range was nine years to 15 years, and the court sentenced in the low end of the guideline.

Then pursuant to a plea agreement, the People then substituted a charge of racketeering in place of solicitation to murder. Racketeering is a Class B offense with a 20-year maximum; solicitation to murder, a Class A offense which carries up to life.

The difference in minimum sentencing guidelines is large with racketeering at three to five years and soliciting a murder nine to 15 years. No sentence bargain or sentence recommendation was involved. This was the People's charge bargain only, with the People filling the lesser added count -- filling the lesser added count in the course of a pretrial.

Now, the shoehorning of a racketeering charge into the facts of this case adds difficulty in fashioning punishment and especially a deterrent proportionate to the seriousness of the crime committed and in consideration of the offender's antecedents.

Here the defendant solicited murder for money by using a convict to do the murder of a corrections officer within the prison where the officer worked. The Court does not believe that the sole charging discretion given to the People completely imbeds the sentencing guideline range of the racketeering charge of three to five years.

The protection of the public, the special need for deterrence both inside and outside our prison, the seriousness of this charge, and a life offense dressed down to be a 20-year offense causes the Court to depart from the three to five year guideline. One aspect among many is the involvement with a dangerous population whose meaningful attention is only aroused by the numbers in years of time.

No post-arrest behavior has been exhibited by the defendant to encourage staying within the three to five year guideline.

The People have unfettered power to select the charges. This power should not attempt to usurp the sentencing Court's limited discretion by charge manipulation and surprise, whereas here the elements of the higher charge are so clear. Fortunately, there was no dead body. but it wasn't for lack of trying to enlist a convict to kill a corrections officer inside the prison.

(S. Tr. 8-10.)

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the following claims:

I.  LEAVE TO APPEAL SHOULD BE GRANTED AS DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS BECAUSE THE LACK OF NOTICE OF INTENT TO DEPART FROM THE GUIDELINE RANGE PREVENTED HIM FROM ARGUING TO THE COURT THAT ONE OF THE FACTORS THAT THE COURT TOOK INTO CONSIDERATION FOR DEPARTURE WAS ALREADY SCORED IN OV 19.

II.  LEAVE TO APPEAL SHOULD BE GRANTED BECAUSE OV 10 WAS IMPROPERLY SCORED FOR PREDATORY CONDUCT.

III.  LEAVE TO APPEAL SHOULD BE GRANTED BECAUSE DEFENDANT-APPELLANT WAS NOT THE LEADER AND OV 14 WAS IMPROPERLY SCORED.

IV.  LEAVE TO APPEAL SHOULD BE GRANTED BECAUSE THERE WERE NO EXCEPTIONAL CIRCUMSTANCES OR SUBSTANTIAL AND COMPELLING REASONS TO WARRANT DEPARTURE.

(*See* Def.-Appellant's Br. on Appeal, docket #4-3.)   The Michigan Court of Appeals denied Petitioner's application for leave to appeal on August 1, 2007, for lack of merit in the grounds presented.  (*See* 8/1/07 Mich. Ct. App. Ord, docket #4-3.)

Petitioner raised the same four claims in his application for leave to appeal in the Michigan Supreme Court, except that Claim I was modified as follows to include a claim that he was deprived of the effective assistance of counsel:

I.  LEAVE TO APPEAL SHOULD BE GRANTED AS DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE THE LACK OF NOTICE OF INTENT TO DEPART FROM THE GUIDELINE RANGE PREVENTED HIM FROM ARGUING TO THE COURT THAT ONE OF THE FACTORS THAT THE COURT TOOK INTO CONSIDERATION FOR DEPARTURE WAS ALREADY SCORED IN OV 19.

(*See* Def.-Appellant's Br. on Appeal, docket #4-2.) The supreme court issued an order on November 29, 2007, denying leave to appeal because it was not persuaded that the questions presented warranted review by the court. (*See* 11/29/07 Mich. Ord., docket #4-2.)

Petitioner now raises the following ground for habeas corpus relief in his amended petition (docket #4):

> Petitioner was deprived of his Federal Constitutional right to due process and effective assistance of counsel because he was not provided with any notice from the Trial Court that it intended to depart upwards from the guideline range and the utter lack of notice and sentencing format utilized by the Court prevented Petitioner from arguing that one of the factors that the Court took into consideration for departure was already scored and there was not substantial and compelling reasons to warrant a significant departure from the guideline range.

### **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are

materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Where the circumstances suggest that the state court actually considered the issue, the review is not *de novo*. *Onifer*, 255 F.3d at 316. The review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harris*, 212 F.3d at 943. However, the Sixth Circuit recently has clarified that where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts *de novo* review. *McKenzie*, 326 F.3d at 727 (limiting *Harris* to those circumstances in which a result

-6-

exists to which the federal court may defer); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1);  *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

## Discussion

Petitioner claims that the trial court violated his due process rights by failing to give him advance notice of his intent to depart upward from sentencing guidelines.  "It is undisputed that convicted defendants. . . have a due process right to a fair sentencing procedure."  *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990).  However, Petitioner fails to articulate the grounds upon which the trial court's upward departure from the Michigan Sentencing Guidelines, without notice, violates any federal due process right he possesses.  Petitioner arguably was on notice of the ten to fifteen year sentence because it was the same sentence imposed by the trial court after Petitioner pleaded guilty to solicitation to commit murder.  While the prosecutor reduced the charge, the conduct for which the trial court was imposing sentence had not changed.  Furthermore, the maximum penalty for continuing criminal enterprise is twenty years.  *See* MICH. COMP. LAWS

§ 750.159(i)(4)(a). Although Petitioner's sentence may exceed the recommended guideline range, it neither exceeds the statutory limit, nor is it wholly unauthorized by law. "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)).

Petitioner also claims that the trial court failed to comply with Michigan law in imposing his sentence. First, he asserts that one of the factors the trial court took into consideration for departure was already scored in OV 19. Under OV 19, twenty-five points are scored if the offender's conduct threatened the security of a penal institution. MICH. COMP. LAWS § 777.49(a). In this case, Petitioner was scored twenty-five points because he threatened the security of a penal institution by attempting to hire a prison inmate to murder a corrections officer. Under Michigan law, a trial court may not depart from the guidelines range based on an offense or offender characteristic already considered in the guidelines range unless the court finds based on facts in the record that the characteristic was given inadequate or disproportionate weight. MICH. COMP. LAWS § 769.34(3)(b). Second, Petitioner claims that the trial court failed to provide a substantial and compelling reason for departing from the sentencing guidelines, as required by MICH. COMP. LAWS § 769.34(3). The extraordinary remedy of habeas corpus lies only for a violation of the federal Constitution. 28 U.S.C. § 2254(a). Petitioner's arguments present issues of state law only and are, thus, not cognizable in federal habeas review. *See Austin*, 213 F.3d at 301-02 (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

Finally, Petitioner argues that because the trial court failed to provide notice of its intent to depart upward from the sentencing guidelines, his counsel was unable to provide effective

assistance as a critical stage of the proceedings.[1]  Petitioner's argument is without merit.  Counsel was present at the sentencing hearing, presented objections to the scoring of OV 10 and OV 14, and argued  for leniency.  He specifically argued that there was no substantial and compelling reason to support an upward departure from the sentencing guidelines.  (S. Tr., 6-7.)  In light of the record, this Court cannot find that Petitioner was deprived of constitutionally effective representation at the sentencing proceedings notwithstanding the trial court's failure to provide notice of the upward departure.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.   A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit

---

[1]Petitioner raised his claim of ineffective assistance of counsel for the first time in his application for leave to appeal in the Michigan Supreme Court.  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system.  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  While Petitioner failed to satisfy the exhaustion requirement with regard to his claim of ineffective assistance of counsel, the Court may deny the petition notwithstanding the lack of exhaustion.  *See* 28 U.S.C. § 2254(b)(2).

that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: <u>April 2, 2009</u>                    <u>/s/ Robert Holmes Bell</u>
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE